UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS SCHROEDER,

    Plaintiff,

v.

VICTOR HILL, CLAYTON COUNTY,
GEORGIA REGIONAL HOSPITAL,
and JOHN DOES,

    Defendants.

_____/

Case No. 5:22-cv-11055
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DISMISS THE COMPLAINT AND PENDING MATTERS

### I. Introduction

This is a civil rights case. Plaintiff Chris Schroeder (Schroeder), proceeding *pro se* and *in forma pauperis*, is suing Defendants Victor Hill, the Clayton County Sheriff, (Sheriff Hill); Clayton County; Georgia Regional Hospital (the Hospital); and "John Does." As best as can be gleaned from the complaint, Schroeder is claiming various violations of his constitutional rights apparently related to a criminal proceeding in the state of Georgia.[1] *See* ECF No. 1. All pretrial matters were referred to the undersigned under 28 U.S.C. § 636(b)(1). (ECF No. 9). As

---

[1] The status of the criminal proceeding is not clear. However, Schroeder has provided a Michigan address so at the very least, he is not currently in custody.

1

will be explained, Schroeder has failed to state a plausible or non-frivolous claim against any of the defendants. Accordingly, it is RECOMMENDED that the complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B). It is further RECOMMENDED that Schroeder's pending matters be DISMISSED AS MOOT.

## II. Background

### A. The Complaint

According to the complaint, on March 21, 2019, Schroeder was taken to a Georgia state court on an unnamed felony criminal charge but was offered a plea agreement to plea to "misdemeanor simple battery," which carries a sentence of 10 days in jail for a second offense. (ECF No. 1, PageID.8). Then, at a proceeding on August 22, 2019 before a Judge Mason, he was asked by the judge if he had any mental health problems and was taken away by the bailiff. (*Id.*, PageID.6). He did not have another court appearance on his case until March 18, 2022. (*Id.*). He does not say what occurred during that appearance, but on April 28, 2022, he appeared again and entered a plea, which he then rescinded by motion on May 2, 2022. (*Id.*).

Schroeder says that during the 30-month period between his August 2019 and March 2022 court appearances, he was denied his constitutional right of self-representation. (*Id.*, PageID.6-7). He says he was represented against his will by the public defender's office and subject to a 14-month mental health evaluation at

2

the Georgia Regional Hospital, where a "fake diagnosis of 'bipolar' " was assessed. (*Id*., PageID.8). He was permanently harmed by this mental health label, forced to take unneeded medication, and denied access to the law library with the reasoning that he was represented by counsel. (*Id*.). Despite this representation, he was unable to communicate with the public defender, with one attempted video visit failing because the screen would not load. (*Id*.).

Schroeder also alleges that the denial of law library access made him unaware that going to a preliminary hearing could result in his case being elevated back to a felony, and that he was denied the ability to appeal his matter. (*Id*., PageID.8-9). He was moved to a solitary cell after his first court appearance and questioned in "unlawful interrogations" by Sheriff Hill and five officers without his lawyer present. (*Id*., PageID.9). On April 19, 2020, Schroeder was "tasered 3 times in a row" by a prison guard after asking to see the nurse. (*Id*.). He contends that his placement "naked in a solitary jail cell for suicide watch" for four days constitutes cruel and unusual punishment, that he was denied due process of law, and had ineffective assistance of counsel. (*Id*., PageID.9-11).

As a form of relief, Schroeder requests that this Court "assume jurisdiction," strike his warrants in the underlying state case, and reinstate his case as a misdemeanor simple battery with a 10-day sentence. (*Id*., PageID.13). He also requests actual and punitive damages, and other relief as the Court deems just and

proper. (*Id.*).

B. Procedural History and Pending Matters

Schroeder filed his complaint on May 9, 2022. (ECF No. 1). He was granted the right to proceed *in forma pauperis* on May 26, 2022, with the U.S. Marshal being directed to serve Defendants. (ECF Nos. 4, 5). The docket appears reflects service of Sheriff Hill and Clayton County. (ECF Nos. 10, 11). However, upon review of the returned certificates of service, service does not appear to be proper. Michigan allows for service to be made by certified mail, but service is not made until "the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A).[2] Here, neither Sheriff Hill, Clayton County, nor an authorized representative of either of them acknowledged receipt. Instead, someone checked the "agent" box of the certified mail receipt. The Hospital has not been served.

As to pending matters, Schroeder has filed a "request to perfect service" on the Hospital, (ECF No. 15), as well as a "motion for case file and case to be sealed for cause" (ECF No. 20). Most recently, he filed a request for the Clerk's entry of default judgment as to Sheriff Hill, (ECF No. 21), which the Clerk rejected on procedural and substantive grounds, (ECF No. 22).

III. Legal Standard

---

[2] Rule 4(e)(1) permits service by state law in the state where the district court is located or where service is made.

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaint of a plaintiff proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing

explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009).

IV. Discussion

Schroeder seeks relief against Sheriff Hill, Clayton County, and the Hospital under 42 U.S.C. § 1983. To make out a claim under this statute, "a plaintiff must identify a right secured by the U.S. Constitution and a deprivation of that right by a person acting under color of law." *Straub v. Kilgore*, 100 F. App'x 379, 385 (6th Cir. 2004). "Under § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at

6

least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Id*. "To prove acquiescence, it is not enough to show that the actor merely failed to act against misconduct of which he was aware." *Id*. As for municipal liability, the Court must first determine whether a plaintiff has set forth sufficient facts from which "the existence of a custom or policy could be inferred." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was caused because of the execution of that policy. *See Turner v. City of Taylor,* 412 F.3d 629, 639 (6th Cir. 2005).

Here, Schroeder does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Clayton County, nor does he name a specific county policy or custom. This is insufficient. *See Bartley v. Kenton Cnty. Med. Staff*, No. 21-140-DLB, 2021 WL 5281592, at *2 (E.D. Ky. Nov. 12, 2021) ("Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury."); *see also Vogle v. Goard*, No. 5:21-CV-P98-TBR, 2021 WL 5496858, at *2 (W.D. Ky.

Nov. 23, 2021) ("Even reading the complaint liberally, the Court finds Plaintiff has not alleged a Marshall County custom or policy of denying him his constitutional rights."); *Strand v. Harville*, No. 2:21-CV-159-RLJ-CRW, 2021 WL 5500797, at *3 (E.D. Tenn. Nov. 23, 2021) ("Here, Plaintiff has not suggested that his rights were violated pursuant to a policy or regulation of Grainger County, and therefore, he has failed to state a claim for municipal liability."). Accordingly, Schroeder's claim against Clayton County should be dismissed.

The same goes for the Hospital, which the Court will assume to be a state entity at this stage of the litigation. Schroeder states that the "competency program at the hospital" constitutes an "intentional violation of due process" due to its length and his lack of access to court or a law library while admitted. (ECF No. 1, PageID.12). But he has not alleged facts that would allow the Court to infer that this violation is a policy or custom of the Hospital's. In fact, he states that the mental health evaluations are set for 90 days, but that his lasted 14 months. (*Id*.). This suggests that such a long evaluation period is not Hospital policy, and he does not allege that the Hospital customarily elongates this period in order to deprive patients of due process, generally. Therefore his municipal liability claim against the Hospital should also be dismissed.

As to Sheriff Hill, his only personal involvement is said to be questioning Schroeder "in unlawful interrogations without a lawyer present violating the

8

constitution." (ECF No. 1, PageID.9). However, liability for conducting a custodial interrogation of Schroeder without counsel is "squarely foreclosed" by the Supreme Court's decision in *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). *McKinley v. City of Mansfield*, 404 F.3d 418, 432 n.13 (6th Cir. 2005) (citing *Chavez v. Martinez*, 538 U.S. 760, 772 (2003) ("Chavez's failure to read *Miranda* warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action.")). *See also Lewis v. Pickell*, No. 5:18-CV-10176, 2020 WL 1479947, at *7 (E.D. Mich. Feb. 26, 2020), *report and recommendation adopted,* 2020 WL 1323331 (E.D. Mich. Mar. 20, 2020) (in which plaintiff unsuccessfully sued for "wrongful custodial interrogation by wrongfully interrogating Plaintiff without counsel, and without advising Plaintiff of his right to counsel and his right to remain silent, after taking Plaintiff into police custody."). Thus, Schroeder has failed to state a claim of personal liability against Sheriff Hill.

Furthermore, the bulk of the Schroeder's complaint challenges his state criminal proceedings. To the extent that it does, it is subject to summary dismissal. A claim under § 1983 is an appropriate vehicle for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity of his confinement, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal

9

judgments." *Heck*, 512 U.S. at 486.

Here, most of the complaint concerns the validity of Schroeder's state criminal proceedings. If Schroeder were to prevail on these claims, his criminal convictions and related confinement would be called into question. Any such civil rights claims are barred by *Heck* and therefore should be dismissed.

V. Conclusion

For the reasons stated above, Schroeder has failed to state a plausible or non-frivolous claim against any of the Defendants. Accordingly, it is RECOMMENDED that the complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B). In light of this recommendation, Schroeder's pending request and motion, (ECF Nos. 15, 20), should be DISMISSED AS MOOT.

Dated: November 14, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2022.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
