UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chris Schroeder,

      Plaintiff,  Case No. 22-cv-11055

v.          Judith E. Levy
           United States District Judge
Victor Hill, *et al.*,

          Mag. Judge Kimberly G. Altman

      Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [24], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23], AND DENYING AS MOOT PLAINTIFF'S MOTION TO PERFECT SERVICE [15] AND MOTION TO SEAL CASE FILE [20]**

On November 14, 2022, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation ("R&R") recommending the Court dismiss the case under 28 U.S.C. § 1915(e)(2)(B) and deny as moot Plaintiff Chris Schroeder's pending motions. (ECF No. 23.) Subsequently, Plaintiff filed a "motion for the striking from record of the magistrate 'report + recommendation to dismiss complaint + pending matters.'" (ECF No. 24.) Because this filing raises several challenges to the R&R,

the Court construes the filing as an objection to the R&R.[1] For the reasons set forth below, Plaintiff's objections are overruled, and the R&R (ECF No. 23) is adopted. Accordingly, the case is dismissed, and Plaintiff's motion to perfect service (ECF No. 15) and motion to seal case file (ECF No. 20) are denied as moot.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 23, PageID.83–85.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

---

[1] The Court also notes that Plaintiff's filing is dated December 2, 2022, which is past the fourteen-day period for objections. Because Plaintiff is *pro se*, the Court will nonetheless consider this filing.

basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

In his filing, Plaintiff raises several arguments challenging the R&R.[2] Some of Plaintiff's arguments attack the R&R generally by saying that it "fail[ed] to accurately report facts." (ECF No. 24, PageID.96–97 ("[The] current magistrate judge is not getting the basic facts written accurately . . .").) These arguments are improper because they dispute the general correctness of the report and recommendation. *See Miller*, 50 F.3d at 380. Even so, the Court—in its own independent review of the record—finds that the R&R's summary of the facts is accurate.

Other arguments either relate to different cases or are too difficult to understand. (*See, e.g.*, ECF No. 24, PageID.98 ("Initially, (the report ignores) there's already a claim of 'Fraud upon the Court' verse Georgia defendants + it renders 'Fake' Georgia case void ab initio, not voidable according to United States Supreme Court, rather Null + void from it's inception . . . . Additionally, also from page 1 of report PageID82 is fact that there was never custody only a paid for kidnapping. Not first time."); *id.* at PageID.99 ("A FBI agent completed polygraph July 2005 for

---

[2] These arguments are not labeled as distinct objections. Plaintiff explains that "there is no need for Plaintiff to have objection to each point individually because the 'Report + Recommendation' is fatally flawed ab initio." (ECF No. 24, PageID.97.)

4

Plaintiff + in 2014 Fake Frazier felony was finally dropped. Who else in history of U.S. has fought battery charge for a decade? Plaintiff has Frazier pictured in front of plow trucks at Winter Services, Inc a copy cat of 1 (888) SNOWPLOW, TM LLC the original!").) These arguments are not clear and specific enough for the Court to address squarely on the merits. *See Pearce*, 893 F.3d at 346.

That leaves two arguments related to this case that are clear and specific enough for the Court to address. First, Plaintiff argues that "Heck does not apply because nothing trumps 'fraud upon the court.'" (ECF No. 24, PageID.100.) This argument refers to the portion of the R&R that states:

> A claim under § 1983 is an appropriate vehicle for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity of his confinement, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

(ECF No. 23, PageID.91.) As an initial matter, there is no evidence of fraud upon the Court. But even if there were such evidence, Plaintiff is incorrect that fraud upon the Court makes *Heck* inapplicable. The Court

5

must follow *Heck* and other U.S. Supreme Court precedent. *Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[A] precedent of [the U.S. Supreme Court] must be followed by the lower federal courts . . ."). Thus, Plaintiff's argument that *Heck* is inapplicable fails.

Second, Plaintiff argues that the R&R "fails to mention Plaintiff Schroeders' Faretta claim + violations of the 6th amendment right to counsel + its implicit right to forego counsel + represent ones self." (ECF No. 24, PageID.102.) Plaintiff is correct that the R&R does not explicitly address the merits of his Sixth Amendment arguments. But the R&R did not need to do so. The R&R correctly notes that Plaintiff failed to allege personal liability against Defendant Hill and municipal liability against the other Defendants as is required for § 1983 claims. Because Plaintiff did not make the showing required under § 1983, the R&R did not need to address the specifics of his Sixth Amendment arguments. Thus, the R&R did not err in its analysis.

IV. **Conclusion**

For the reasons set forth above, the Court overrules Plaintiff's objections (ECF No. 24) and adopts the R&R. (ECF No. 23.) Accordingly,

6

the case is dismissed under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's pending motions (ECF Nos. 15, 20) are denied as moot.

IT IS SO ORDERED.

Dated: June 1, 2023       s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 1, 2023.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager